POLEN, J.
 

 Appellants, Armando Alonso and Michael Cease, appeal the trial court’s order granting appellee, Ocean Bank’s, motion for summary judgment in its foreclosure action against appellee, Laurel Gardens, LLC and Alonso and Cease. We hold that summary judgment was properly entered and affirm.
 

 On January 20, 2005, Laurel Gardens obtained a loan in the amount of $14.5 million from Ocean Bank and executed a promissory note in the amount of $14.5 million, with a maturity date of July 20, 2006. The initial note was secured by a mortgage deed and security agreement which encumbered 609 acres of real property in St. Lucie County and any personal property located thereon, and an Assignment of Leases, Rents, and Profits, which entitled Ocean Bank to any lease or rent profits on the real property in the event of default.
 

 The maturity date was ultimately extended to April 27, 2008, and the loan amount was increased to $16.35 million per Laurel Gardens’ request. Appellants Cease and Alonso each executed an Unlimited Guaranty of Laurel Gardens’ obligations under the note and mortgage.
 

 The note required Laurel Gardens to pay interest payments on a monthly basis through the date of maturity, April 27, 2008. On that date, the note provided that the “entire outstanding principal balance together with all accrued and unpaid interest, if any, shall be due and payable.” In lieu of paying the entire principal balance by April 27, 2008, the note gave Laurel Gardens the option of extending the date of maturity for one year upon meeting the following conditions:
 

 Provided that this Note or any part of its supporting loan documents are not in default and Holder has received evidence of approval from Town, Village, and County zoning (“TVC”) of a Development of Region Impact designation
 
 *172
 
 (“DRI”), Maker herein shall have the option to extend the Maturity Date specified herein for an additional twelve (12) months upon payment to Holder of an extension fee equal to one quarter of one percent
 
 (0.25 of 1%) of
 
 the then committed amount.
 

 The commitment letter provided, in part: “In the event the Borrower exercises the option to extend the maturity date twelve [12] months, interest reserve will be replenished based [sic] via borrower’s own funds based on the then prevailing interest rate.”
 

 Finally, the note contained a severance clause stating that in the event any provision contained in the mortgage or note or any other loan document should be held unenforceable, inapplicable, invalid, or illegal, such issue would not affect the other terms of the agreement and the mortgage would be construed as if such provision had never been contained therein.
 

 After Laurel Gardens failed to pay the outstanding balance due on April 27, 2008, and failed to comply with any of the preconditions of extension established by the mortgage documents, Ocean Bank filed suit against Laurel Gardens, Cease, and Alonso asserting seven claims: (1) Breach of Promissory Note; (2) Foreclosure of Mortgage; (3) Foreclosure of Security Interest; (4) Replevin; (5) Enforcement of Assignment of Leases; (6) Enforcement of Guaranty by Cease; and (7) Enforcement of Guaranty by Alonso.
 

 Laurel Gardens, Cease, and Alonso raised the following affirmative defenses in an amended answer:
 

 (1) Ocean Bank knows its interests in the property are well protected and valuable and foreclosure would be inequitable;
 

 (2) Ocean Bank breached its agreement by not extending the maturity date of the note despite the fact that (a) the consolidated note was not in default on April 27, 2008, (b) the DRI was no longer a necessary, material, or relevant condition, and (c) defendants remained ready, willing, and able to pay any extension fee;
 

 (3)Ocean Bank is prohibited from claiming a default under the consolidated note because the note had remained current, the DRI was no longer necessary, material, or relevant, and defendants were ready, willing, and able to pay the extension fee.
 

 Ocean Bank ultimately filed an amended motion for summary judgment arguing there was no issue of material fact and the undisputed facts entitled them to a judgment on all claims as a matter of law. Ocean Bank supported its motion with the initial note, the consolidated note, and the affidavit of Carlos Sandino, Vice President of Ocean Bank, who affirmed the loan documents were valid and that Laurel Gardens neither tendered the outstanding sums due nor complied with the pre-condi-tions to exercising the option to extend.
 

 Defendants filed two affidavits, both of which were from Cease. In the first, Cease swore that (1) the note provided for an option to extend, (2) all payments were made on time up to April 27, 2008, (3) Laurel Gardens was ready, willing, and able to pay the extension, and (4) Ocean Bank waived the DRI condition because it knew the condition was no longer relevant as the development plans for the property had changed and DRI approval could no longer be obtained. In the second affidavit, Cease swore that (1) Evilio Herrera and Danilo Perez were his contacts at Ocean Bank, and (2) that his dealings with Ocean Bank had not involved Carlos San-dino.
 

 A hearing on the motion for summary judgment, which was not transcribed, was
 
 *173
 
 held on March 30, 2009. The court entered final summary judgment in favor of Ocean Bank on all claims based on its determination that the note and mortgage were in default for Laurel Gardens’ failure to pay the full amount due on April 27, 2008 and failure to meet the conditions necessary to execute the extension. The court entered a judgment awarding Ocean Bank $19,099,503.23 in damages under the note and allowing Ocean Bank to foreclose on the mortgage encumbering Laurel Gardens’ real property. The court also determined that Ocean Bank was entitled to recover the full amount of damages against Cease and Alonso, jointly and severally, under the guaranties.
 

 On appeal, Cease and Alonso contend the trial court erred in granting summary judgment because (1) the promise to extend the maturity date was illusory as it was based on an impossible precondition; namely, obtaining DRI designation when there is no such designation or term under the Land Development Code for St. Lucie County, and (2) Ocean Bank should have been equitably estopped from foreclosing on the note where it acted contrary to its long-standing custom and practice of notifying Cease and Alonso when payments were due and withdrawing funds from their account to satisfy such payments.
 

 The appellant’s first argument is unpersuasive. While the precondition of obtaining a DRI designation may have been illusory, Cease and Alonso also failed to fulfill the other preconditions to exercising their right to extension under the note. The contract’s severance clause avoids any concern over the DRI designation. Summary judgment was properly entered.
 

 The second argument fails as well. Not only is there no record evidence that this argument was raised below, but there is also no evidence that any such custom was ever established. Accordingly, we affirm the trial court’s order entering summary judgment.
 

 Affirmed.
 

 MAY, J., and GATES, MICHAEL L., Associate Judge, concur.